UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JAMIE R. GONZALES, | ) | CASE NO. 3:21-cv-716 |
| | ) | |
| Petitioner, | ) | JUDGE DAVID A. RUIZ |
| | ) | |
| v. | ) | |
| | ) | |
| STATE OF OHIO, | ) | |
| | ) | MEMORANDUM OPINION AND ORDER |
| Respondent. | ) | |

This matter is before the Court on the Report and Recommendation (R&R) of Magistrate Judge Thomas M. Parker. (R. 27). Petitioner Jamie Gonzales, *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 raising three grounds for relief. (R. 1). Respondent Warden Tom Watson filed the Return of Writ. (R. 15). Petitioner filed the Traverse to the Return, captioned as a motion to quash (R. 25). The Magistrate Judge issued a thorough 29-page R&R, recommending that the Court deny the first ground of the petition as without merit, dismiss the second ground as procedurally defaulted and alternatively deny the third ground as without merit or dismiss as non-cognizable. (R. 27). The Petitioner filed Objections to the R&R upon an extension granted by the Court. (R. 29; 30).

I. Standard of Review

When a magistrate judge submits a Report and Recommendation, the Court is required to conduct a *de novo* review of those portions of the Report to which proper objection has been made. Fed. R. Civ. P. 72(b)(3); Local Rule 72.3(b). However, "[a] general objection to the

entirety of the magistrate's report has the same effects as would a failure to object." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991); *accord Austin v. Comm'r of Soc. Sec.*, 2021 WL 1540389, at *4 (N.D. Ohio Apr. 19, 2021) (finding that a general objection that merely restates an argument previously presented or simply voices a disagreement with a magistrate judge's suggested resolution "has the same effects as would a failure to object" (citation omitted)). The text of Federal Rule of Civil Procedure 72(b)(3) addresses only the review of reports to which objections have been made but does not specify any standard of review for those reports to which no objections have lodged. The Advisory Committee on Civil Rules commented on a district court's review of unopposed reports by magistrate judges. In regard to subsection (b) of Rule 72, the Advisory Committee stated: "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 Advisory Committee's notes (*citing Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974), *cert. denied*, 419 U.S. 879)).

## II. Facts and Procedural History

Petitioner's first objection takes issue with factual statement made by the Ohio appeals court in its summary of the trial evidence. (R. 29, Page ID#: 1006). The appellate court in recounting the details of Petitioner's assault on the victim stated that when Petitioner hit the victim's head on a hard surface, this left a "goose egg and redness on her head." (R. 27, Page ID#: 976). Petitioner's objection to the R&R simply asserts that "there was no 'goose-egg' on [the victim's] head, period." (R. 29, Page ID#: 1006). He goes on to claim that this was part of a fabrication by the arresting officer. *Id.*

The Antiterrorism and Effective Death Penalty Act (AEDPA) itself explicitly states that

"a determination of a factual issue made by a state court shall be presumed to be correct." 28 U.S.C. § 2254(e)(1). That presumption may only be overcome with "clear and convincing evidence." *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998). Here, Petitioner has submitted no evidence of any kind that the Ohio court's finding was clearly erroneous. Petitioner's own self-serving conclusory argument is insufficient. Moreover, it is well-settled that the federal habeas court may not consider new issues raised for the first time in the traverse. *Burns v. Lafler*, 328 F.Supp. 2d 711, 724 (E.D. Mich. 2004) (citations omitted). The first objection to the R&R is therefore overruled as without merit.

The Court adopts the R&R's statement of the facts and procedural background of this case. (R. 27, Page ID#: 973-984). Thus, the following brief summary of the case is not intended to duplicate the more complete presentation in the R&R, but only to provide context to this review of the R&R.

    A.  <u>Background</u>

This case involves Petitioner's threatening and abusive conduct towards an elderly victim that resulted in Wood County, Ohio jury convicting him in 2019 of one count of domestic violence and six counts of violating a protective order. R. 27, Page ID#: 974, 978.

Initially, Petitioner pleaded not guilty to the charges and was granted leave to represent himself at trial, with appointed counsel acting in an advisory capacity. *Id*., Page ID#: 974. A significant issue arose prior to trial when the victim would not testify to the abusive conduct, despite having been served with a subpoena. *Id*., Page ID#: 974-75. The state argued that the Petitioner had threatened and intimidated the victim for the purpose of keeping the victim from testifying, and to that end offered hearsay evidence from the victim's daughter that the victim was not going to testify because she was afraid of Petitioner. *Id*. In addition, the officer who

served the subpoena on the victim testified that the victim was crying and upset at this development. *Id*. To that point, at the hearing regarding admission of the hearsay statements, there also was evidence that Petitioner had telephoned the victim some 173 times from jail while awaiting trial. *Id*., Page ID #: 974. Thus, the trial court found that the hearsay statements were admissible. *Id.*, Page ID #: 975.

Petitioner then requested and received permission to proceed to trial while represented by counsel. *Id*., Page ID #: 976. After testimony from the victim's daughter, who had reported the victim's injuries to police, the police officer who responded to the domestic violence complaint, the police officer who actually arrested Petitioner, and the county's director of victim services, Petitioner was convicted as noted earlier. *Id*. Page ID #: 974-78. Following an unsuccessful attempt to obtain a new trial, Petitioner was sentenced to an aggregate term of 66 months in prison. *Id*., Page ID #: 978-79.

As detailed in the R&R, Petitioner ultimately filed a direct appeal raising claims that: (1) the trial court abused its discretion in imposing consecutive sentences and (2) the trial court erred by denying Petitioner a chance to confront the victim, who had made the out of court statements. *Id.*, Page ID #: 979-980. After the State filed an appellate brief, the Ohio appeals court overruled both assignments of error and affirmed Petitioner's convictions and sentence. *Id*., Page ID #: 980-81. Petitioner then appealed to the Supreme Court of Ohio asserting as a single proposition of law his confrontation clause claim. *Id*., Page ID #: 981. The Ohio Supreme Court declined to accept jurisdiction and dismissed the appeal. *Id*., Page ID #: 982.

Petitioner thereupon unsuccessfully filed several post-conviction motions with the Ohio appeals court, *id*., Page ID #: 982-83, with the Ohio Supreme Court. *id*., Page ID #: 983, and with the trial court. *Id*., Page ID #: 983-84.

Petitioner, *pro se*, then filed for habeas relief, raising three grounds:

1. Confrontation clause violation;

2. Ineffective assistance of trial and appellate counsel;

3. Abuse of discretion in sentencing.

*Id.*, Page ID #: 984.

The State filed a return of the writ (R.15) and Petitioner submitted what he termed as a motion to end these proceedings by "equitable and legal estoppel by record," specifically stating therein that this was filed in lieu of a traverse. R. 25.

In the R&R, the Magistrate Judge initially recommended that Ground One be denied on the merits because the Ohio Appeals Court decision on this issue was not an unreasonable application of the United States Supreme Court holding in *Giles v. California*, 554 U.S. 353, 359 (2008), which permits the admission of out of court statements made by a witness whose inability to testify at trial was the result of threats or intimidation from the defendant. R. 27, Page ID #: 986-89.

Next, the Magistrate Judge recommended that Ground Two – alleging ineffective assistance of both trial and appellate counsel – should be dismissed as procedurally defaulted because Petitioner never raised the claim as to trial counsel in any state court and improperly raised the claim concerning appellate counsel in his Rule 26(B) application, which failed to provide "any specific arguments of facts to support his claim," and further because he never appealed from this denial of that Rule 26(B) application. *Id.*, Page ID #: 991-92.

Finally, the R&R recommends that Ground Three – abuse of discretion in sentencing – should alternatively be dismissed as procedurally defaulted because Petitioner did not follow the appellate court's rejection of this claim with an appeal to the Ohio Supreme Court and/or

5

dismissed as a non-cognizable state law claim. *Id.*, Page ID #: 993-98.

Petitioner filed a brief objection to the R&R, R. 29, Page ID #: 1006-07, which will be discussed more fully below.

### III. Analysis

Initially, the Court notes that it has reviewed the complete record, the submissions of the parties, the applicable law and the R&R, and finds that the R&R accurately set forth the relevant facts and procedural history, as well as thoroughly analyzed the Petitioner's grounds for relief and fully supported its reasoning and findings. Thus, the Court finds no plain error.

As to the specific allegations set out in Petitioner's two-page objection to the R&R (R. 29), the Court has already overruled the first objection – alleging that the state court incorrectly found a fact concerning the victim's injury.

Next, Petitioner appears to raise two grounds attempting to excuse procedural default. First, Petitioner states that "patrolman Clingenpeel 'started' the 'procedural default' by not having the 'victim' HAND WRITE [sic] the statement out, and not be a third party.! [sic] and not typed out." *Id.*, Page ID #: 1006. In this regard, Petitioner apparently seeks to dispute whether a written statement taken from the victim was transcribed according to proper procedure. As such, it is an attack on the admissibility of evidence, which may not now be raised for the first time in objections to the R&R. *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000).

Moreover, Petitioner is not clear as to what procedural default is conceivably overcome by this alleged action. It appears that Ground One of the Petition, which alleged a confrontation clause violation, is the only ground in the habeas petition to which this argument could relate. There, Petitioner has not procedurally defaulted that issue, since it was presented to the Ohio Supreme Court on direct appeal and it declined jurisdiction. R. 27, Page ID #: 981-82. Further,

6

even if Petitioner seeks to raise an argument pertaining to that decision of the Ohio court, he would be restricted to the scope of the argument presented to that court, which was whether Petitioner's frequent pre-trial contact with the victim was done with the specific purpose of intimidating her and procuring her unavailability. *See*, *id.* There is no relationship between the argument considered by the Ohio courts concerning Petitioner's intent behind his pre-trial communications with the victim and the objection here that a police officer did not follow procedure in transcribing the victim's statement at the time of the initial act of domestic violence. Accordingly, this objection is without merit and is overruled.

Next, Petitioner makes an additional procedural default argument that alleges that "any 'default' procedural was done by the Common Pleas [Clerk of Court] or all the judicial officers in general" by taking "a year and 2 months to journalize a judgment." R. 29, Page ID#: 1006.

This contention provides no valid basis for an objection to the R&R, and it is difficult to discern which of the two procedural defaults identified by the R&R is impacted by this objection. As noted above, the R&R recommends finding that Ground Two – ineffective assistance of counsel – and Ground Three – abuse of discretion in sentencing – were procedurally defaulted. As to the default on Ground Two, the R&R identified that default as occurring because Petitioner never raised a claim of ineffective assistance of trial counsel at any level, R. 27, Page ID #: 991, and because he failed to appeal to the Ohio Supreme Court from the appellate court's denial of his Rule 26(B) motion which did raise unspecified claims of ineffective assistance of appellate counsel. *Id.*, Page ID #: 992.

Neither of these situations involves a default arising from untimely filing, such as might conceivably be produced by a delay in journalizing an entry by the state court. Accordingly, this specific objection is also found to be without merit and is therefore overruled.

Petitioner's next objection claims that new legal precedent exists related to the use of prior acts evidence under Federal Evidence Rule 609(b), but he fails to allege or show why a Federal Rule of Evidence relates to his case. R. 29, Page ID #: 1006. At best the Court can discern, it construes this objection as relating to the Ohio trial court finding that Petitioner's prior convictions for domestic violence supported the imposition of consecutive sentences. However, Petitioner offers connection between a federal rule that applies to impeaching a witness at trial and an Ohio trial court finding a basis for consecutive sentences. More important, as the R&R pointed out, Ground Three, which alleged abuse of discretion in imposing consecutive sentences, was procedurally defaulted because Petitioner never raised any federal constitutional or other federal law claim in connection with his state law abuse of discretion argument. R. 27, Page ID #: 994.

Thus, because the R&R correctly pointed out that Petitioner neither pursued his state law claim at every state court level nor raised federal claims to any level of the state court, Petitioner cannot here revive Ground Three by introducing a new and novel argument. Petitioner's objection in this regard is without merit and is overruled.

The final page of the objection simply reargues Petitioner's case. R. 29, Page ID #: 1007. Those arguments, as noted above, are considered to be general objections that are equivalent to a failure to object at all.

## IV. Conclusion

The Petitioner's objections (R. 29) are hereby OVERRULED for the reasons stated and the Magistrate Judge's Report and Recommendation (R. 27) is hereby ADOPTED. The Petition (R. 1) is hereby DISMISSED in part and DENIED in part, as is more fully set forth in the R&R which is incorporated by reference.

Pursuant to 28 U.S.C. § 2253(c) and Fed. R. App. P. 22(b), the Court finds that there is not a sufficient basis to issue a certificate of appealability and so declines to issue such a certificate.

IT IS SO ORDERED.

Date: March 14, 2025

s/ *David A. Ruiz*
David A. Ruiz
United States District Judge